# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERT HANKINS,** ) | C.A. No. 07-332 Erie |
| Plaintiff ) | |
| ) | |
| v. ) | **District Judge McLaughlin** |
| ) | **Chief Magistrate Judge Baxter** |
| **JEFFERY BEARD, et al.,** ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.     RECOMMENDATION

It is respectfully recommended that Defendant Chris Meyer's Motion to Dismiss Amended Complaint [Document # 55] be granted in part and denied in part.

It is further recommended that, pursuant to the authority granted to courts in the Prison Litigation Reform Act, Plaintiff's claims against all unnamed Defendants be dismissed because Plaintiff has failed to identify and serve said Defendants within 120 days, in accordance with the requirements of Rule 4(m) of the Federal Rules of Civil Procedure, and said Defendants should be terminated from this case.

### II.    REPORT

#### A.    Relevant Procedural and Factual History

On December 3, 2007, Plaintiff Robert Hankins, a prisoner incarcerated at the State Correctional Institution at Albion, Pennsylvania ("SCI-Albion"), filed this civil rights action pursuant to 42 U.S.C. § 1983 against: (i) numerous named individuals employed by the Pennsylvania Department of Corrections (hereinafter referred to as "DOC Defendants"); (ii) several unnamed Defendants identified as "John Doe # 1, Office of Professional Responsibility," "John Doe # 11, Chaplaincy Supervisor," "John Doe, Director of Classification," "Jane Doe, Medical Personnel," "John Doe, Maintenance Department Supervisor," John Doe, Psychiatrist," and "John Doe # 2, Corrections Officer;" and (iii) Defendant Chris Meyer, a physician's assistant under contract with the DOC to perform

medical services at SCI-Albion. [Document # 1].

On March 19, 2008, the DOC Defendants filed an Answer to Plaintiff's Complaint, denying Plaintiff's allegations and asserting a number of affirmative defenses. [Document # 38]. Defendant Meyer, on the other hand, filed a motion to dismiss the Complaint on April 29, 2008, arguing that Plaintiff's claims against him are barred by the applicable statute of limitations and/or fail to state a claim upon which relief may be granted. [Document # 41].[1] In response to Defendant Meyer's motion to dismiss, Plaintiff filed an amended complaint as to Defendant Meyer only, in which Plaintiff added several allegations against Defendant Meyer, including a new claim of retaliation and an expanded deliberate indifference claim. [Document # 49].[2] In particular, Plaintiff has made the following allegations against Defendant Meyer, which are set forth verbatim from the amended complaint:

> 122. March 18, 2005, after Plaintiff was viciously attacked by several DOC staff, he sought medical attention.
>
> 123. Plaintiff was seen by P.A. Meyer to whom Plaintiff explained <u>all</u> of his injuries and ailments. Out of retaliation, Meyer refused to treat Plaintiff while Meyer was aware of Plaintiff open wounds and med. history.
>
> 124. Meyer showed deliberate indifference when he was made aware of Plaintiff's pain and suffering, yet refused to act appropriately due to Plaintiff exercising his free speech right.
>
> 125. Sometime in Feb., 2006, Plaintiff again saw P.A. Meyer. This time it was due to problems/pain Plaintiff suffered since DOC staff unjustly confiscated his prescribed knee brace.
>
> 126. Without Plaintiff's knee brace his serious med. Needs were not met and his condition gradually became worse, and causing [sic] Plaintiff extreme pain.

---

[1] According to the docket entries in this case, the unnamed Defendants have never been served with the Complaint, nor has any attorney entered an appearance on behalf of any of said Defendants.

[2] Due to the filing of Plaintiff's amended complaint, this Court dismissed Defendant Meyer's motion to dismiss [Document # 41], without prejudice to his right to re-state all or part of said motion in response to the amended complaint.

2

> 127. Meyer told Plaintiff that he did not forget the grievance Plaintiff filed against him regarding the March 18, 2005, incident.
>
> 128. Meyer let it be known to Plaintiff that he would personally see to it that Plaintiff don't [sic] receive the knee brace.
>
> 129. Sometime passed and Plaintiff still had not received his prescribed med. treatment, so he filed a grievance concerning the matter.
>
> 130. Plaintiff received notice that he would be receiving the knee brace prescribed, and that he would receive it.
>
> 131. Over the years that followed, Plaintiff has filed sick call slips, filed grievances, and to date has not received the prescribed brace.
>
> 132. The Defendant's actions in denying Plaintiff the knee brace was out of retaliation, malicious, wanton, and done with deliberate [sic], and a conscious disregard for Plaintiff's constitutionally protected right to be free from cruel & unusual punishment.

(Document # 49, ¶¶ 122-132)(emphasis in original).

On July 2, 2008, Defendant Meyer filed a motion to dismiss Plaintiff's amended complaint, again arguing that Plaintiff's claims against him are barred by the applicable statute of limitations and/or fail to state a claim upon which relief may be granted. [Document # 55]. Plaintiff has filed a brief in opposition to Defendant Meyer's motion, essentially supporting the allegations of his amended complaint. [Document # 60]. This matter is now ripe for consideration.

### B. Standards of Review

#### 1. Motion to Dismiss

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976). The issue is not whether the plaintiff will prevail at the

end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955 (2007), a complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id., 127 S.Ct. at 1973 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 127 S. Ct. at 1965 citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1965. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id., 127 S.Ct. at 1974.

### 2. *Pro Se* **Pleadings**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read

4

"with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### C.    Discussion
#### 1.    Statute of Limitations

The federal civil rights laws do not contain a specific statute of limitations for § 1983 actions. However, it is well established that the federal courts must look to the relevant state statute of limitations for personal injury claims to determine the applicable limitations period. Samerica Corp. Del., Inc. v. City of Philadelphia, 142 F.3d 582 (3d Cir. 1998)(internal citations omitted). In this regard, federal courts sitting in Pennsylvania have adopted Pennsylvania's two year personal injury statute of limitations set forth at 42 Pa.C.S.A. § 5524, in determining that a § 1983 claim must be filed no later than two years from the date the cause of action accrued. See Lake v. Arnold, 232 F.2d 360, 368 (3d Cir. 2000); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451 (3d Cir. 1996).

Here, Plaintiff's claims against Defendant Meyer appear to arise from two separate incidents. The first incident occurred on or about March 18, 2005, when Plaintiff claims that he was assaulted by DOC staff and suffered injuries for which he sought medical attention, but Defendant Meyer allegedly refused treatment. Since Plaintiff did not initiate the instant action until December 3, 2007, approximately 2 years, 8½ months after the date Defendant Meyer allegedly refused treatment, Plaintiff's claim against Defendant Meyer arising from this first incident is barred by the applicable statute of limitations.

5

The second incident occurred in February 2006, when Plaintiff's medically prescribed knee brace was confiscated by DOC staff, and Defendant Meyer allegedly refused to take action to have the brace returned or replaced. Defendant Meyer argues that this claim was raised by Plaintiff for the first time in his amended complaint, which was filed on June 5, 2008, more than two years after Defendant Meyer allegedly refused to return or replace the knee brace. As a result, Defendant Meyer contends that this claim must be dismissed as untimely. This argument has merit, unless the challenged amendments relate back to the date the original complaint was filed pursuant to Fed.R.Civ.P. Rule 15(c), which provides as follows:

> (c) **Relation Back of Amendments**. An amendment of a pleading relates back to the date of the original pleading when
>
> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

In the original complaint in this case, Plaintiff alleges that his knee brace was confiscated in February 2006, and that he was assured by Defendant Meyer that he would receive another knee brace, but he never did. (See Complaint at ¶¶ 34, 36). Thus, the incident from which Plaintiff's amended allegations against Defendant Meyer arose -- the confiscation of, and failure to replace, his knee brace -- had already been set forth in the original complaint. As a result, the amended allegations against Defendant Meyer relate back to the date of Plaintiff's original complaint pursuant to Fed.R.Civ.P. Rule 15(c)(2). Since the original complaint was filed less than two years after the alleged confiscation of Plaintiff's knee brace, Plaintiff's retaliation and

6

deliberate indifference claims against Defendant Meyer arising therefrom are not barred by the applicable statute of limitations.

Based on the foregoing, therefore, Plaintiff's deliberate indifference claim against Defendant Meyer arising from the March 18, 2005, assault should be dismissed as untimely; however, Plaintiff's retaliation and deliberate indifference claims against Defendant Meyer arising from the confiscation of his knee brace in February 2006, should not be dismissed as untimely.

### 2. Merits
#### a. Deliberate Indifference Claim

Alternatively, Defendant Meyer argues that Plaintiff's deliberate indifference claim arising from the confiscation and failure to return or replace his medically prescribed knee brace, fails to state a cause of action upon which relief may be granted. This Court disagrees.

In the medical context, a constitutional violation under the Eighth Amendment occurs when prison officials are deliberately indifferent to an inmate's serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976). "In order to establish a violation of [the] constitutional right to adequate medical care, evidence must show (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).

Deliberate indifference to a serious medical need[3] involves the "unnecessary and wanton infliction of pain." Estelle, 429 U.S at 104. Such indifference is manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, a denial of reasonable requests for treatment that results in suffering or risk of

---

[3] A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth County Correction Institute Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).

7

injury, Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury" White v. Napoleon, 897 F.2d 103, 109 (3d Cir. 1990).

Mere misdiagnosis or negligent treatment is not actionable as an Eighth Amendment claim because medical malpractice is not a constitutional violation. Estelle, 429 U.S. at 106. "Indeed, prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." Durmer, 991 F.2d at 67 (citations omitted). "[M]ere disagreements over medical judgment" do not rise to the level of an Eighth Amendment violation. White, 897 F.2d at 110.

Here, Plaintiff claims that his medically prescribed knee brace was confiscated, which caused him to suffer a worsened physical condition and "extreme pain;" yet, according to Plaintiff, Defendant Meyer purposely refused to return or replace the knee brace. (Amended Complaint at ¶¶ 125-128). Taken as true, these allegations sufficiently set forth a claim of deliberate indifference to Plaintiff's serious medical needs based upon the intentional denial of prescribed medical treatment. As a result, Defendant Meyer's motion to dismiss this claim for failure to state a claim upon which relief may be granted should be denied.

### b. Retaliation Claim

Defendant Meyer also seeks dismissal of Plaintiff's retaliation claim arising from the confiscation and failure to replace his knee brace, for failure to state a claim upon which relief may be granted. In particular, Defendant Meyer contends that "[o]ther than general and conclusory allegations, no retaliatory action of any kind at the hands of P.A. Meyer is described in the Complaint or Amended Complaint." (Document # 56, Defendant Meyer's Brief, at p. 7). Once again, this Court disagrees.

In order to state a prima facie case of retaliation, a prisoner must demonstrate:

1) the conduct in which he was engaged was constitutionally protected;

> 2) he suffered "adverse action" at the hands of prison officials[4]; and
>
> 3) his constitutionally protected conduct was a substantial or motivating factor in the decisions to discipline him.[5]

Carter v. McGrady, 292 F.3d 152, 157-58 (3d Cir. 2002), quoting Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). Following the satisfaction of a prima facie case of retaliation, the burden then shifts to the defendants to demonstrate, by a preponderance of the evidence, that their actions would have been the same, even if Plaintiff were not engaging in the constitutionally protected activities. Carter, 292 F.3d at 158. "Once a prisoner has demonstrated that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Rauser, 241 F.3d at 334. In evaluating a prison official's opinion, "[p]rison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Bell v. Wolfish, 441 U.S. 520, 547 (1979).

Here, Plaintiff has alleged that: (i) he filed a grievance against Defendant Meyer "regarding the March 18, 2005, incident;" (ii) Defendant Meyer "told Plaintiff that he did not forget the grievance Plaintiff filed against him;" and (iii) "Meyer let it be known to Plaintiff that

---

[4] To show an "adverse action," the plaintiff must demonstrate that defendants' action were "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights." Allah v. Al-Hafeez, 208 F.Supp.2d 520,535 (E.D. Pa. June 24, 2002), quoting Allah v. Seiverling, 229 F.3d at 225. See also Dixon v. Brown, 38 F.3d 379, 379 (8th Cir. 1994) (a plaintiff "need not show a separate, independent injury as an element of the case ... because the retaliatory disciplinary charge strikes at the heart of an inmate's constitutional right to seek redress of grievances, [and] the injury to his right inheres in the retaliatory conduct itself.").

[5] In analyzing the third element of the retaliation test, the court must determine whether there is a causal connection between the exercise of the constitutional rights and the adverse actions. "A suggestive temporal proximity between the protected activity and an alleged retaliatory act may be sufficient to meet the causal link requirement of the prima facia case." Allah v. Al-Hafeez, 208 F.Supp.2d at 535, citing Rauser, 241 F.3d at 330 and Johnson v. Rendell, 56 F.Supp.2d 547, 552 (E.D. Pa. 1999).

he would personally see to it that Plaintiff don't [sic] receive the knee brace." (Amended Complaint at ¶¶ 127-128). Thus, accepting the foregoing allegations as true, Plaintiff has sufficiently alleged that he engaged in the constitutionally protected activity of filing a grievance, he suffered the adverse action of having Defendant Meyer refuse to replace his medically prescribed knee brace, and Defendant Meyer's refusal was motivated by Plaintiff's filing of a grievance against him. This adequately sets forth a prima facie case of retaliation. Accordingly, Defendant Meyer's motion to dismiss Plaintiff's retaliation claim arising from the confiscation and refusal to return or replace his knee brace should be denied.

### 3. Prison Litigation Reform Act

The Prison Litigation Reform Act provides that:

> (b) Grounds for dismissal– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint– (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.A. § 1915A. Under Section 1915A, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, but it is required to do so. Nieves v. Dragovich, 1997 WL 698490, at *8 (E.D. Pa. 1997)("Under provisions of the Prison Litigation Reform Act codified at 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c), the district courts are required, either on the motion of a party or sua sponte, to dismiss any claims made by an inmate that are frivolous or fail to state a claim upon which relief could be granted.").

The PLRA also amended the statutory provisions with respect to actions brought by prisoners who are proceeding in forma pauperis. See 28 U.S.C. §1915(e)(2)[6]. Under this provision as well, not only is a court permitted to *sua sponte* dismiss a complaint which fails to

---

[6] Title 28 U.S.C. §1915(e)(2) provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--(B) the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

state a claim, but it is required to do so by mandatory language.  See, e.g., Keener v. Pennsylvania Bd. of Probation and Parole, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal of in forma pauperis actions that are frivolous or fail to state a claim.").  In performing a court's mandated function of *sua sponte* reviewing a complaint under 28 U.S.C. § 1915(e) and under § 1915A to determine if it fails to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  See, e.g., Tucker v. Angelone, 954 F. Supp. 134, 135 (E.D. Va. 1977) ("Under 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c) the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted'").

As noted previously, unnamed Defendants "John Doe # 1, Office of Professional Responsibility," "John Doe # 11, Chaplaincy Supervisor," "John Doe, Director of Classification," "Jane Doe, Medical Personnel," "John Doe, Maintenance Department Supervisor," John Doe, Psychiatrist," and "John Doe # 2, Corrections Officer," have never been properly identified or served in this case, nor has any of them had an attorney enter an appearance on his or her behalf.  All of these Defendants were named in the original Complaint that was filed on December 3, 2007.  More than a year has passed since such time.  As a result, all unnamed Defendants should be dismissed from this case pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, as they have not been served within 120 days of the date on which they were named as Defendants in this case.

### III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendant Chris Meyer's Motion to Dismiss Amended Complaint [Document # 55] be granted in part and denied in part, as follows:

>    1.    The motion to dismiss Plaintiff's deliberate indifference claim arising from the assault incident that allegedly occurred on March 18, 2005,

should be granted, and said claim should be dismissed as untimely.

2. The motion to dismiss Plaintiff's retaliation and deliberate indifference claims arising from the confiscation and failure to return or replace his knee brace should be denied, and said claims should be allowed to proceed.

It is further recommended that, pursuant to the authority granted to courts in the Prison Litigation Reform Act, Plaintiff's claims against all unnamed Defendants be dismissed because Plaintiff has failed to identify and serve said Defendants within 120 days, in accordance with the requirements of Rule 4(m) of the Federal Rules of Civil Procedure, and said Defendants should be terminated from this case.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights. See, e.g., Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief United States Magistrate Judge

Dated: February 12, 2009

cc: The Honorable Sean J. McLaughlin
United States District Judge