## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT HANKINS,         )
      Plaintiff,       )     C.A. No. 07-332 Erie
                    )
   v.                 )
                    )     District Judge McLaughlin
JEFFERY BEARD, et al.,    )     Magistrate Judge Baxter
      Respondents.   )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

It is respectfully recommended that Plaintiff's motion for preliminary injunction [ECF No. 200] be denied due to lack of jurisdiction over the persons that Plaintiff seeks to enjoin.

### II.    REPORT

Plaintiff initiated this action on December 3, 2007, by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against multiple employees of the Pennsylvania Department of Corrections. The sole remaining claims in this case arise out of Plaintiff's confinement at SCI-Fayette. Plaintiff is now incarcerated at SCI-Rockview in Bellefonte, Pennsylvania, which is under the jurisdiction of the United States District Court for the Middle District of Pennsylvania.

Presently pending before this Court is Plaintiff's motion for preliminary injunction, in which Plaintiff seeks an order of this Court enjoining officials at SCI-Rockview from interfering with Plaintiff's legal property. [ECF No. 200]. None of the named officials in Plaintiff's motion are Defendants in this case. On November 18, 2010, this Court conducted a telephonic hearing on Plaintiff's motion, at which time the Court ordered Defendants to file a written response. Defendants have since filed a response arguing that Plaintiff's motion should be denied because this Court does not have jurisdiction to enjoin the actions of individuals who are not parties to

this proceeding and who do not live or work within this Court's jurisdictional limits.

To obtain a preliminary injunction, the District Court must consider: (1) the likelihood of success on the merits; (2) the extent of irreparable injury from the alleged misconduct; (3) the extent of harm to the movant; and (4) the effect on public interest. Clean Ocean Action v. York, 57 F.3d 328, 331 (3d Cir. 1995); Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187, 191-92 (3d Cir. 1990).[1] The preliminary injunction remedy "must be reserved for extraordinary circumstances...." Hoxworth v. Blinder, Robinson & Correctional Officer. Inc., 903 F.2d 186, 189 (3d Cir. 1990).

In this case, this federal district Court has no jurisdiction over the persons named in the motion as they are not parties to this lawsuit. If Plaintiff wishes to bring a civil rights action against these individuals, he may do so by filing a separate action in the appropriate district. Accordingly, Plaintiff's motion for preliminary injunction [ECF No. 200] should be denied.

In accordance with Fed.R.Civ.P. 72, the parties are allowed fourteen (14) days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. No extensions of time will be granted. Failure to file timely objections may constitute a waiver of appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

---

[1]

If the record does not support a finding of both irreparable injury and a likelihood of success on the merits, then a preliminary injunction cannot be granted. Marxe v. Jackson, 833 F.2d 1121 (3d Cir. 1987). Irreparable injury is established by showing that a plaintiff will suffer harm that "cannot be redressed by a legal or an equitable remedy following trial." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989)("The preliminary injunction must be the only way of protecting the plaintiff from harm"). The plaintiff bears this burden of showing irreparable injury. Hohe v. Casey, 868 F.2d 69, 72 (3d Cir.), cert. denied, 493 U.S. 848 (1989). In fact, a plaintiff must show immediate irreparable injury, which is more than merely serious or substantial harm. ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987). The case law provides some assistance in determining that injury which is irreparable under this standard. "The word irreparable connotes 'that which cannot be repaired, retrieved, put down again, atoned for...'." Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994)(citations omitted). Additionally, "the claimed injury cannot merely be possible, speculative or remote." Dice v. Clinicorp, Inc., 887 F.Supp. 803, 809 (W.D.Pa. 1995). An injunction is not issued "simply to eliminate a possibility of a remote future injury...." Acierno, 40 F.3d at 655 (citation omitted).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated:  December17, 2010