**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ROBERT HANKINS, | ) | C.A. No. 07-332 Erie |
| Plaintiff | ) | |
| | ) | |
| v. | ) | District Judge McLaughlin |
| | ) | Magistrate Judge Baxter |
| JEFFERY BEARD, et al., | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

It is respectfully recommended that Defendants' Motion for Partial Summary Judgment [ECF No. 194] be granted in part and denied in part.

### II.    REPORT

#### A.    Relevant Procedural History

On December 3, 2007, Plaintiff Robert Hankins, a prisoner incarcerated at the State Correctional Institution at Albion, Pennsylvania ("SCI-Albion"), filed this civil rights action pursuant to 42 U.S.C. § 1983, asserting multiple claims against: (i) numerous named individuals employed by the Pennsylvania Department of Corrections (hereinafter collectively referred to as "DOC Defendants"); (ii) several unnamed Defendants identified as "John Doe # 1, Office of Professional Responsibility," "John Doe # 11, Chaplaincy Supervisor," "John Doe, Director of Classification," "Jane Doe, Medical Personnel," "John Doe, Maintenance Department Supervisor," John Doe, Psychiatrist," and "John Doe # 2, Corrections Officer;" and

(iii) Defendant Chris Meyer, a physician's assistant under contract with the DOC to perform medical services at SCI-Albion ("Meyer"). [ECF No. 1].

The DOC Defendants named in the original complaint were: Jeffery Beard, the DOC's Secretary of Corrections ("Beard"); William Stickman, the DOC's Deputy Secretary of Corrections ("Stickman"); Harry Wilson, Superintendent at SCI-Fayette ("Wilson"); Mark Krysevig, Deputy Superintendent at SCI-Fayette ("Krysevig"); Linda Harris, Deputy Superintendent at SCI-Fayette ("Harris"); Daniel Burns, Deputy Superintendent at SCI-Fayette ("Burns"); Carol Scire, Secretary at SCI-Fayette ("Scire"); Mary Ann Kushner, Administrative Officer at SCI-Fayette ("Kushner"); Robert Bitner, Chief Hearing Officer at the DOC ("Bitner"); Robert Tretinik, Health Care Administrator at SCI-Fayette ("Tretinik"); Fred Maue, Chief Psychiatrist at the DOC ("Maue"); Darlene Linderman, Mailroom Supervisor at SCI-Fayette ("Linderman"); John S. Shaffer, PhD, Executive Secretary at the DOC ("Shaffer"); Michael Zaken, Unit Manager at SCI-Fayette ("Zaken"); Sharon Burks, Chief Grievance Officer at the DOC ("Burks"); and the following corrections officers at SCI-Fayette: Major Eric Armel ("Armel"); Captain J. Forte ("Forte"); Captain Scott Nickelson ("Nickelson"); Captain Edward Manchas ("Manchas"); R. Klink ("Klink"); Lieutenant Sean Nose ("Nose"); Lieutenant J. Kremposky ("Kremposky"); Lieutenant M. Mozingo ("Mozingo"); Lieutenant George Reposky ("Reposky"); Lieutenant Hooper ("Hooper"); Lieutenant Crumb ("Crumb"); Sergeant Rymarowicz ("Rymarowicz"); Sergeant Pete Slepinski ("Slepinski"); Mark Mains ("Mains"); Clayton Stoner ("Stoner"); "Chapley;" "Beachy;" "Petrosky;" "Johnson;" "Rohrabaugh;" "Haley;" M.C. Fisher ("Fisher"); Ronald Collings ("Collings"); Jeff L. Okorn ("Okorn");

2

"Burton;" "Holman;" "Richter;" Kevin Faulkner ("Faulkner"); Timothy Steeley ("Steeley"); and "Link"

On March 19, 2008, the DOC Defendants filed an Answer to Plaintiff's Complaint, denying Plaintiff's allegations and asserting a number of affirmative defenses. [ECF No. 38]. Defendant Meyer, on the other hand, filed a motion to dismiss the Complaint on April 29, 2008, arguing that Plaintiff's claims against him were barred by the applicable statute of limitations and/or failed to state a claim upon which relief may be granted. [ECF No. 41]. On February 12, 2009, this Court issued a Report and Recommendation ("R&R") recommending that Defendant Meyer's motion to dismiss be granted in part and denied in part, and recommending further that the unnamed Defendants be dismissed because that were not identified and served within the 120 day time period prescribed by Rule 4(m) of the Federal Rules of Civil Procedure. [ECF No. 98]. By Memorandum Order dated February 27, 2009, District Judge Sean J. McLaughlin adopted this Court's R&R. As a result, the unnamed Defendants were dismissed from this case, and one of Plaintiff's claims against Defendant Meyer was dismissed as untimely. [ECF No. 101].

After the parties completed discovery, both Defendant Meyer and the DOC Defendants filed motions for summary judgment [ECF Nos. 115 and 119, respectively]. On November 20, 2009, this Court issued an R&R [ECF No. 172] recommending that Defendant Meyer's summary judgment motion be granted, and that the DOC Defendants' summary judgment motion be granted in part and denied in part, as follows:

> a) The motion should be denied with regard to Plaintiff's claim that his continuous confinement in disciplinary custody, allegedly caused by the lack of due process afforded him at his misconduct

hearings, has deprived him of a protected liberty interest in
violation of his Fourteenth Amendment due process rights; and

b) The motion should be granted with regard to all other claims
asserted by Plaintiff in this case.

In addition, this Court recommended that the following DOC Defendants be terminated from this

case:  Shaffer, Maue, Haley, Link, Rohrabaugh, Petrosky, Beachy, Richter, Burton, Holman, Tift,

Mozingo, and Linderman.

On February 2, 2010, District Judge Sean J. McLaughlin issued a Memorandum

Judgment Order [ECF No. 176] declining to adopt this Court's recommendation that summary

judgment be entered against Plaintiff with regard to his excessive force claims of May 2, 2006,

and May 9, 2006, but adopting this Court's R&R in all other respects, including the termination

of Defendants Shaffer, Maue, Haley, Link, Rohrabaugh, Petrosky, Beachy, Richter, Burton,

Holman, Tift, Mozingo, and Linderman from this case.  As a result, the claims remaining in this

case are:  (i) a Fourteenth Amendment due process claim regarding Plaintiff's continuous

confinement in disciplinary custody allegedly caused by the lack of due process afforded him at

his misconduct hearings; (ii) an Eighth Amendment excessive force claim against Defendants

Rymarowicz, Chapley, and Faulkner arising from an incident that occurred on May 2, 2006; and

(iii) an Eighth Amendment excessive force claim against Defendant Nose arising from an

incident that occurred on May 9, 2006.

Because the original complaint failed to specify the Defendants against whom Plaintiff

intends to assert his due process claim, District Judge McLaughlin further ordered that Plaintiff

file an amended complaint identifying each and every Defendant against whom such claim is

being asserted and the specific allegations being made against each Defendant. (ECF No. 176 at p. 3). In response to this Order, Plaintiff filed a second amended complaint on February 18, 2010, in which Plaintiff specifies that his due process claim is being asserted against original Defendants Beard, Bitner, Stickman, Wilson, Krysevig, Harris, and Zaken;[1] however, Plaintiff has also added as new Defendants the following hearing examiners against whom he also asserts his due process claim: Kerri Cross ("Cross"), Carol Baker ("Baker"), J.K. Kane ("Kane"), Z. Moslak ("Moslak"), Eleanor M. Weaver ("Weaver"), L. Kerns-Baw ("Kerns-Baw"), and Joseph Dupont (incorrectly identified as "Dupar") ("Dupont") (collectively referred to as the "Hearing Examiner Defendants"). [ECF No. 178]. In addition, Plaintiff has added allegations that: (i) Defendants Zaken, Manchas, Harris, and Wilson were informed of Defendant Nose's alleged use of excessive force on May 9, 2006, and did nothing to investigate or correct the problem; and (ii) Defendants Zaken, Nose, Wilson, and Nickelson were informed of the alleged excessive use of force on May 2, 2006, and did nothing to investigate or correct the problem.

After the filing of Plaintiff's second amended complaint, the DOC Defendants filed a motion for clarification of docket seeking the dismissal of all original DOC Defendants who remained on the docket but were not named as Defendants in the second amended complaint. [ECF No. 182]. After Plaintiff filed a response to this motion essentially consenting to the DOC Defendants' motion, all original Defendants other than those specifically named as Defendants in

---

[1]

Plaintiff has also attempted to re-assert this claim against original Defendants John Shaffer and Fred Maue; however, these Defendants have already been terminated from this case. (See ECF No. 176, Memorandum Judgment Order, at p. 3).

the caption of the second amended complaint were terminated from this case. [See Text Order dated June 9, 2010].

The remaining DOC Defendants have now filed a motion for partial summary judgment, seeking the entry of judgment in favor of: (i) all original and Hearing Examiner Defendants against whom Plaintiff has asserted his due process claim, (ii) Defendants Zaken, Manchas, Harris, and Wilson with regard to Plaintiff's excessive force claim of May 9, 2006; and (iii) Defendants Zaken, Nose, Wilson, and Nickelson with regard to Plaintiff's excessive force claim of May 2, 2006.[2] [ECF No. 194]. Plaintiff has filed a brief in opposition to Defendants' motion [ECF No. 206], and Defendants have filed a reply brief. [ECF No. 214]. This matter is now ripe for consideration.

## B. **Standards of Review**

### 1. **Summary Judgment**

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is

---

2

Defendants have not moved for summary judgment with regard to Plaintiff's excessive force claim of May 9, 2006, against Defendant Nose, or Plaintiff's excessive force claim of May 2, 2006, against Defendants Rymarowicz, Chapley, and Faulkner.

a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact.  See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Co., 126 F.3d 494, 500 n.2 (3d Cir. 1997).  The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims.  Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990).  Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial.  Matsushita Elec. Indus. Co. v Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment).  The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

A material fact is a fact whose resolution will affect the outcome of the case under applicable law.  Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986).  Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare

assertions, conclusory allegation or suspicions." Firemen's Ins. Co. of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982). Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 247-249.

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### C. Discussion

### 1. Personal Involvement

### a.    Due Process Claim

Defendants argue that Plaintiff has failed to show the personal involvement of original Defendants Beard, Bitner, Stickman, Wilson, Krysevig, Harris, and Zaken, in any of the due process violations that allegedly occurred in connection with Plaintiff's disciplinary proceedings, and, therefore, summary judgment should be entered in their favor.  The Court agrees.

Liability can only be imposed upon a supervisory official if the official played an "affirmative part" in the complained-of misconduct.  Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986).  Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct."  Id. quoting Brown v. Grabowski, 922 F.2d 1097, 1120 (3d Cir. 1990), cert. denied, 501 U.S. 1218 (1991).  The supervisor must be personally involved in the alleged misconduct.  Rode v. Dellarciprete, 845 F.2d 1958, 1207 (3d Cir. 1988).  If a grievance official's only involvement is investigating and/or ruling on an inmate's grievance after the incident giving rise to the grievance has already occurred, there is no personal involvement on the part of that official.  Rode, 845 F.2d at 1208; Cooper v. Beard, 2006 WL 3208783 at * 14 (E.D.Pa. Nov. 2, 2006).

Here, Plaintiff merely alleges that all of the above-named Defendants were "made aware of" the alleged due process violations at his disciplinary hearings, yet they did nothing to correct or stop the perceived violations. (ECF No. 178, Second Amended Complaint, at ¶¶ 12, 14).  This is insufficient to show that these Defendants played an affirmative part in the complained-of misconduct.  Thus, summary judgment should be entered in favor of Defendants Beard, Bitner,

Stickman, Wilson, Krysevig, Harris, and Zaken, with regard to Plaintiff's due process claim.

<b>b.</b>    <b>Excessive Use of Force Claims</b>

Similarly, Defendants argue that Plaintiff has failed to demonstrate the personal involvement of: (i) Defendants Zaken, Manchas, Harris, and Wilson, in the excessive use of force allegedly used against him by Defendant Nose on May 9, 2006; and (ii) Defendants Zaken, Nose, Wilson, and Nickelson, in the excessive use of force allegedly used against him by Defendants Rymarowicz, Chapley, and Faulkner, on May 2, 2006. As a result, they seek the entry of summary judgment in favor of said Defendants with regard to such claims.

With regard to the excessive force claim of May 9, 2006, Plaintiff alleges that Defendants Zaken, Manchas, Harris, and Wilson were "informed of Nose['s] actions," yet failed to investigate or correct the matter.[3] All but Defendant Manchas were supervisory officials at the time of the alleged incident. As previously discussed, the mere allegation that a supervisory official was made aware of an action after the fact, yet failed to investigate or correct the matter, is insufficient to show that the official played an "affirmative part" in the complained-of misconduct. Chinchello, 805 F.2d at 133. Moreover, although Defendant Manchas was not a supervisory official, Plaintiff has failed to allege any specific behavior on his part that may have contributed to Plaintiff's alleged harm. See Ebersole v. Pennsylvania Dept. Of Corrections, 2009

_____

[3]

Plaintiff also attempts to name "Lt. Hooper" as a Defendant with regard to his excessive use of force claims; however, Hooper was one of the Defendants previously terminated from this case by Order of this Court dated June 9, 2010.

WL 1010521 at *3 (M.D.Pa. 2009)(finding allegations insufficient to state personal involvement where plaintiff "either proceeds on an impermissible theory of supervisory liability, invokes nothing more than general and conclusory allegations of a conspiracy, or simply fails to allege specific behavior that contributed to his harm). Thus, summary judgment should be entered in favor of Defendants Zaken, Manchas, Harris, and Wilson, with regard to Plaintiff's excessive force claim of May 9, 2006.

For the same reasons, summary judgment should also be granted in favor of Defendants Nose, Wilson, and Nickelson with regard to Plaintiff's excessive force claim of May 2, 2006, as Plaintiff has merely alleged that said Defendants did not do anything to "correct the wrong done to Plaintiff; preserve the video of the incident as DOC policy mandates; or discipline staff for their unjust actions." (ECF No. 178, Second Amended Complaint, at ¶ 38). These allegations are insufficient to establish said Defendants' personal involvement in the May 2, 2006 incident.

The same conclusion does not apply, however, to Plaintiff's claim against Defendant Zaken arising from the same incident. This is so because Plaintiff has alleged that Defendant Zaken was present at the time excessive force was allegedly used against him, yet failed to do anything to stop it. (See, ECF No. 178, Second Amended Complaint, at ¶¶ 25, 27, 30; ECF No. 207-1, Declaration of Robert Hankins, at ¶ 9). The Third Circuit Court has held that "a corrections officer's failure to intervene in a beating can be the basis of liability for an Eighth Amendment violation under § 1983 if the corrections officer had a reasonable opportunity to intervene and simply refused to do so." Smith v. Mensinger, 293 F.3d 641, 650 (3d Cir. 2002). See also Garbacik v. Janson, 111 F. App'x. 91, 94 (3d Cir. 2004)(duty to intervene was clearly

11

established as constitutional right before 1997).  Thus, the Court finds that Plaintiff has raised

sufficient allegations to, at least, create a genuine issue of material fact as to whether Defendant

Zaken had a "reasonable opportunity to intervene and simply refused to do so."  As a result,

Defendants' motion for summary judgment should be denied with regard to Plaintiff's excessive

use of force claim against Defendant Zaken.


## 2.      Hearing Examiner Defendants

As noted earlier, the Hearing Examiner Defendants were first added to this case upon the

filing of the second amended complaint, which was dated and signed by Plaintiff on February 17,

2010.[4]  Consequently, Defendants argue that, "insofar as the hearing examiners are concerned,

Plaintiff's action is timely only for events occurring on or after February 17, 2008…, and claims

concerning events of which the plaintiff 'knew or should have known' on or before February 16,

2008, are barred by the statute of limitations." (ECF No. 196, Defendants' Brief, at p. 10).  Thus,

before addressing the merits of Plaintiff's claim against the Hearing Examiner Defendants, the

Court must determine whether Defendants are correct that such claim should be confined to the

two-year period immediately preceding the filing of the second amended complaint, or whether

the claim relates back to the filing of the original complaint, which occurred on or about

---

4

**Error! Main Document Only.**For purposes of applying the statute of limitations, this Court will treat February 17,
2010, as the relevant filing date pursuant to the prison mailbox rule.  See Commonwealth v. Castro, 766 A.2d 1283,
1287 (Pa.Super. 2001), citing Commonwealth v. Little, 716 A.2d 1287 (Pa.Super. 1998)(in determining the date
upon which a prisoner's pleading is filed, Pennsylvania applies the prison mailbox rule, which provides that the "date
of delivery of [the pleading] by the [inmate] to the proper prison authority or to a prison mailbox is considered the
date of filing of the [pleading]").

December 3, 2007.

### a.      <u>Statute of Limitations</u>

The federal civil rights laws do not contain a specific statute of limitations for § 1983 actions. However, it is well established that the federal courts must look to the relevant state statute of limitations for personal injury claims to determine the applicable limitations period. <u>Sameric Corp. Del., Inc. v. City of Philadelphia</u>, 142 F.3d 582 (3d Cir. 1998)(internal citations omitted). In this regard, federal courts sitting in Pennsylvania have adopted Pennsylvania's two year personal injury statute of limitations set forth at 42 Pa.C.S.A. § 5524, in determining that a § 1983 claim must be filed no later than two years from the date the cause of action accrued. <u>See</u> <u>Lake v. Arnold</u>, 232 F.2d 360, 368 (3d Cir. 2000); <u>Urrutia v. Harrisburg County Police Dept.</u>, 91 F.3d 451 (3d Cir. 1996). Furthermore, a claim under § 1983 accrues when the plaintiff "knew or should have known of the injury upon which [his] claim is based." <u>Sameric</u>, 142 F.3d at 599.

Thus, Plaintiff's claim against the Hearing Examiner Defendants must be confined to the two-year period immediately preceding the filing of the second amended complaint, unless the amendment relates back to the date the original complaint was filed, pursuant to Fed.R.Civ.P. Rule 15(c), which provides as follows:

> (c) **Relation Back of Amendments**. An amendment of a pleading relates back to the date of the original pleading when
>
>> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
>>
>> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be

set forth in the original pleading, or

> **(3)  the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.**

Fed.R.Civ.P. 15(c) (emphasis added).

As highlighted in Rule 15(c)(3) above, three conditions must be met for the successful relation back of an amended complaint that purports to add new defendants:  (1) the additional claim must have arisen out of the same conduct as the original pleading; (2) each newly-named defendant must have received notice of the institution of the action within 120 days of the original complaint so that he/she is not prejudiced in maintaining a defense on the merits; and (3) each newly-named defendant must have known or should have known within 120 days that, but for a mistake made by the Plaintiff concerning the newly-named defendant's identity, the action would have been brought against the newly-named defendant in the first place.  Arthur v. Maersk, Inc., 434 F.3d 196, 203 (3d Cir. 2006); Singletary v. Pennsylvania Dept. of Corrections, 266 F.3d 186, 189 (3d Cir. 2001).

Here, the first requirement is easily met as the claim against the Hearing Examiner Defendants clearly arises out of the same conduct or occurrence as set forth in the original complaint.  However, Plaintiff must also show under Rule 15(c)(3) that the Hearing Examiner Defendants:  (i) received notice of the institution of the action within 120 days (the period

provided by Rule 4(m)) following the filing of the original complaint; **and** (ii) knew or should have known that they were intended to be named as parties to the lawsuit. Fed.R.Civ.P. 15. Both the notice and knowledge requirements must be met.

Here, Plaintiff does not claim, nor is there any evidence of record indicating, that the Hearing Examiner Defendants ever received actual notice of the filing of the original complaint within 120 days of the filing date. However, it has been held that "Rule 15(c)(3) notice does not require actual service of process on the party sought to be added; notice may be deemed to have occurred when a party who has some reason to expect his potential involvement as a defendant hears of the commencement of litigation through some informal means." Singletary, 266 F.3d at 195, citing Varlack v. SWC Caribbean, Inc., 550 F.2d 171, 175 (3d Cir. 1977). "At the same time, the notice received must be more than notice of the event that gave rise to the cause of action; it must be notice that the plaintiff has instituted the action. Singletary, 266 F.3d at 195, citing Bechtel v. Robinson, 886 F.2d 644, 652 n. 12 (3d Cir. 1989). The issue thus becomes whether any of the new parties received constructive notice of the institution of this action such that notice may be imputed under Rule 15(c)(3).

In Singletary, the Third Circuit recognized two possible methods by which notice may be imputed under Rule 15(c)(3). The first is the "shared attorney" method, which is based on the notion that when the originally named parties and the parties sought to be added are represented by the same attorney, "the attorney is likely to have communicated to the latter part[ies] that [they] may very well be joined in the action," and the second is the "identity of interest" method, which "generally means that the parties are so closely related in their business operations or other

activities that the institution of an action against one serves to provide notice of the litigation to the other." Singletary, 266 F.3d at 196-97.

### i.        Shared Attorney Method

"The relevant inquiry under this method is whether notice of the institution of this action can be imputed to [the newly-named defendants] within the relevant 120 day period, ... by virtue of representation [they] shared with a defendant originally named in the lawsuit." Id. at 196.  In this case, Douglas Barbour, Esquire entered his appearance on behalf of all of the original DOC Defendants on February 20, 2008. [ECF No. 4].  The Hearing Examiner Defendants are also currently represented by Attorney Barbour, who has filed the instant motion for summary judgment on their behalf.  So, the question remains whether, by virtue of such shared representation, the Hearing Examiner Defendants received constructive notice of the institution of this lawsuit within the relevant 120 day period.  In this regard, "a plaintiff must show that there was 'some communication or relationship' between the shared attorney and the [newly named] defendant[s] prior to the expiration of the 120-day period in order to avail him or herself of the shared attorney method of imputing notice." Garvin, 354 F.3d at 225, citing Singletary, 266 F.3d at 196-97.

Here, Plaintiff has failed to allege or demonstrate that there was any shared representation or communication between Attorney Barbour and any of the Hearing Examiner Defendants during the 120-day period following the initiation of this lawsuit, such that notice may be imputed to said Defendants under the shared attorney method.  Moreover, it does not appear

likely that Attorney Barbour would have "communicated to the [Hearing Examiner Defendants] that [they] may very well be joined in the action," within 120 days following the initiation of this action. This is evident from the fact that only one allegation among the 121 allegations of Plaintiff's original 46 page complaint made reference to the conduct that forms the basis of Plaintiff's present claim against the Hearing Examiner Defendants. This allegation is found at paragraph 87 of Plaintiff's original complaint, which reads as follows:

> From 1999 to this day the many misconduct hearings Plaintiff received were in total violation of his due process right which was the cause of the time (over six yrs) he has spent in isolation, and faced the atypical and significant hardships he has endured over the yrs. At his disciplinary hearings over the years Plaintiff was either denied the right to attend the hearing, witnesses and/or assistance attendance, and/or need evidence, - all which was needed for Plaintiff to properly defend himself, and which would have exonerated Plaintiff of all charges. The many hearing examiners, Bitner, Beard, PRC members, and Superintendents were aware of the unjust practices of the many hearing examiners, yet did nothing to stop it.

Defendants have produced evidence that Plaintiff has incurred 181 institutional misconducts since 1998. [ECF No. 195-1]. To presuppose that the foregoing, solitary allegation would have prompted Attorney Barbour to investigate the identity of each hearing examiner who conducted a hearing on each of Plaintiff's 181 misconducts, and then notify each within 120 days of the original complaint that he or she may potentially be joined in this action, stretches the bounds of credulity beyond any reasonable measure.

### (ii)    Identity of Interests Method

In the event that notice cannot be imputed through the "shared attorney" method, notice

may also be imputed if the original and newly-named parties are so closely related in their business operations or other activities that filing suit against one serves to provide notice to the other of the pending litigation. This method of imputing notice "requires the plaintiff to demonstrate that the circumstances surrounding the filing of the lawsuit permit the inference that notice was actually received by the parties sought to be added as defendants during the relevant time period." Miller v. Hassinger, 173 Fed.Appx. 948, 956 (3d Cir. 2006) citing Singletary, 266 F.3d at 196-200 and Garvin, 354 F.3d at 225.

Here, Plaintiff has failed to satisfy his burden of demonstrating any circumstances as to the relationship or communications between the original Defendants and the Hearing Examiner Defendants that would raise such an inference sufficient to impute notice for purposes of relation back. See Miller, 173 Fed.Appx. at 956 n.4 ("in the instant case, the inquiry is whether the circumstances permit the inference that the troopers received notice of the pendency of the lawsuit from [a fellow trooper]. The relationship between [the original defendants] and the troopers sought to be added is not clear at the present time, and thus we cannot say, based on the record before us, whether such an inference would be reasonable."). Moreover, because there is no evidence indicating that the Hearing Examiner Defendants are anything more than staff level employees, their positions alone cannot serve as a basis for finding an identity of interest. Singletary, 266 F.3d at 199 (finding staff level employee is "not highly enough placed in the prison hierarchy … to conclude that his interests as an employee are identical to the prison's interests").

Based on the foregoing, the Court concludes that notice cannot be imputed under either

the "shared attorney" method or the "identity of interest" method for purposes of relation back.[5]

Thus, the Court agrees with Defendants' assertion that Plaintiff's claim against the Hearing

Examiner Defendants must be confined to the two-year period immediately preceding the filing

of the second amended complaint.  It follows, therefore, that summary judgment should be

granted in favor of the Hearing Examiner Defendants on that portion of Plaintiff's due process

claim arising from events that occurred on or before February 16, 2008.


    b.   **<u>Merits of Due Process Claim</u>**

  Defendants have submitted evidence that, within the two-year statutory limitation period,

Plaintiff incurred 29 institutional misconducts. [ECF No. 195-1].  Of these 29 misconducts, three

were dismissed at the misconduct hearing. [<u>Id</u>.].  As a result, Plaintiff's due process claim is limited

to the 26 remaining misconducts that were issued between February 17, 2008, and February 17,

2010.[6]  The records produced by Defendants indicate that P. McKissock was the hearing examiner

for 25 of these misconducts. [ECF Nos. 195-2 and 195-3].  Because P. McKissock is not one of the

Hearing Examiner Defendants named in Plaintiff's second amended complaint, the 25 misconducts

he/she heard are not relevant to this proceeding.  This leaves only one other misconduct within the

relevant time period to which Plaintiff's due process challenge applies – misconduct # B144309.

---

5

 **Error! Main Document Only.**"Rule 15(c)(3)(B) provides a further requirement for relating back an amended complaint that adds or changes a party:  the newly added party knew or should have known that 'but for a mistake concerning the identity of the proper party, the action would have been brought against the party.'"  <u>Singletary</u>, 266 F.3d at 200.   Inasmuch as we find that notice cannot be imputed, this Court need not address this third requirement for relation back.  <u>See</u> <u>Garvin</u>, 354 F.3d at 228 n.18.

6

This is so because Plaintiff did not incur any disciplinary custody time in connection with the three dismissed

[ECF No. 195-4, Exhibit C]. This misconduct was heard by Defendant Moslak. [Id.]. Since no misconduct hearings were held by any of the other Hearing Examiner Defendants during the relevant statutory time period, summary judgment should be entered in their favor on Plaintiff's due process claim.

The only issue remaining is whether Plaintiff's due process rights were violated in connection with the only misconduct that is now relevant to this case - misconduct # B144309. Under the appropriate standard first established by the Supreme Court in Wolff v McDonnell, 418 U.S. 539 (1974), "due process prohibits the deprivation of a prisoner's liberty interest at a disciplinary hearing unless the prisoner is given: (1) an impartial decision-making body; (2) twenty-four hour notice of the charges; (3) an opportunity to call witnesses and present documentary evidence; (4) assistance from a representative; and (5) a written decision explaining the evidence relied upon." Pressley v. Blaine, 352 Fed.Appx. 701 (3d Cir. 2009), citing Griffin v. Spratt, 969 F.2d 16, 19 (3d Cir. 1992). In addition, the disciplinary decision must be supported by at least "some evidence." Superintendent v. Hill, 472 U.S. 445, 455 (1985); Briggs v. Marbury, 2008 WL 554927 at * 7 (3d Cir. Feb. 28, 2008).

Plaintiff claims generally that he was denied "his right to call witnesses, have assistance to collect statements and affidavits to present as evidence due to Plaintiff's confinement, - and denied Plaintiff to present evidence – all of which would have exonerated Plaintiff." (ECF No. 178, Second Amended Complaint, at ¶ 11). Defendants have responded by providing copies of all documents related to misconduct # B144309. These documents indicate that Plaintiff received a misconduct on July 7, 2009, charging him with fighting with another inmate and refusing to obey orders to stop. (ECF No. 195-4, Exhibit C at p. 2). The misconduct report indicates that Plaintiff was provided with a request for witnesses and representation form, and an inmate's version form. (Id.). The hearing was held by video on July 13, 2009, at which time Plaintiff made no plea to the charges, offered no oral or written version of the events, and did not

misconducts that may be subject to a due process challenge.

attempt to call witnesses or request representation. (<u>Id</u>. at p. 3). In addition, the other inmate involved in the fight pled guilty to all charges at his hearing. (<u>Id</u>.). As a result, Defendant Moslak concluded that a preponderance of evidence existed to support the charges, found Plaintiff guilty, and sanctioned him to 90 days of disciplinary custody. (<u>Id</u>.).

Based upon the documentary evidence of record, it appears that the hearing process as to misconduct # B144309 complied with the appropriate due process standards established by <u>Wolff</u> and its progeny. Thus, summary judgment should be entered in favor of Defendant Moslak on Plaintiff's only remaining due process challenge.

## III. <u>CONCLUSION</u>

For the foregoing reasons, it is respectfully recommended that Defendants' motion for partial summary judgment be granted in part and denied in part, as follows:

1. Summary judgment should be granted in favor of all original and Hearing Examiner Defendants with regard to Plaintiff's due process claim;

2. Summary judgment should be granted in favor of Defendants Zaken, Manchas, Harris, and Wilson with regard to Plaintiff's excessive force claim of May 9, 2006;

3. Summary judgment should be granted in favor of Defendants Nose, Wilson, and Nickelson with regard to Plaintiff's excessive force claim of May 2, 2006; and

4. Summary judgment should be denied Defendant Zaken with regard to Plaintiff's excessive force claim of May 2, 2006.

By virtue of the foregoing, it is also recommended that the following Defendants be terminated from this case, as the claims against them have been recommended for dismissal: Beard, Bitner, Stickman, Wilson, Krysevig, Harris, Nickelson, Manchas, Cross, Baker, Kane, Moslak, Weaver, Kerns-Baw, and Dupont.

By virtue of the foregoing, the only claims that should be left to proceed to trial are Plaintiff's excessive force claim of May 9, 2006, against Defendant Nose, and Plaintiff's excessive force claim of May 2, 2006, against Defendants Rymarowicz, Chapley, Faulkner, and Zaken.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of some appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: January 13, 2010

cc:     The Honorable Sean J. McLaughlin
        United States District Judge