# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT HANKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 07-332 Erie |
| v. | ) |
| | ) |
| SEAN NOSE, MICHAEL ZAKEN, | ) |
| SAMUEL RYMAROWICZ, STEPHEN | ) |
| CHAPLEY and KEVIN FAULKNER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

McLAUGHLIN, SEAN J., DISTRICT JUDGE.

Presently pending before the Court is a Motion for Preliminary Injunction and/or Protective Order with Sanctions filed by Plaintiff, Robert Hankins ("Plaintiff"). [ECF No. 264]. A response has been filed by Defendants, Sean Nose, Michael Zaken, Samuel Rymarowicz, Stephen Chapley and Kevin Faulkner ("Defendants"), [ECF No. 266], and the matter is now ripe for disposition.

On December 3, 2007, Plaintiff filed a civil rights action pursuant to 42 U.S.C. § 1983, concerning events that allegedly occurred while he was housed at SCI-Fayette. [ECF No. 1]. Following discovery and motion practice, Plaintiff's Eighth Amendment excessive force claims asserted against the above named Defendants proceeded to trial. On March 28, 2011, the jury returned a verdict in favor of all Defendants on the Plaintiff's claims and the Court entered a Judgment on the verdict that same date. [ECF No. 262 and ECF No. 263].

On April 14, 2011 Plaintiff filed the instant motion for preliminary injunction. [ECF No. 264]. Plaintiff is currently incarcerated at SCI-Rockview, in Bellefonte, Pennsylvania, a facility located within the Middle District of Pennsylvania. Plaintiff complains about the conduct of officials at SCI-Rockview and requests that this Court enjoin these officials from interfering with his access to his legal property. [ECF No. 264] pp. 1-3. Specifically, the Plaintiff alleges that he is being denied access to the courts because he has not been approved to possess more than one storage box of his materials and as a result, claims "it will be impossible for [him] to prepare for the notice of appeal on this case, ... if I am only allowed property that will fit in the allotted space." [ECF No. 264] pp. 1-2 ¶¶ 6; 8.

In deciding whether to issue a preliminary injunction, a district court must consider: "(1)

whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest." McTernan v. City of York, 577 F.3d 521, 526 (3rd Cir. 2009) (quoting United States v. Bell, 414 F.3d 474, 478 n.4 (3rd Cir. 2005)) (internal quotation marks omitted). A preliminary injunction is an extraordinary and drastic remedy, "one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S.Ct. 1865k 138 L.Ed.2d162 (1997) (internal quotation marks and citations omitted).

Further, the purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until a trial on the merits can be held. Stratton v. Tony, 2006 WL 3840802 at *2 (W.D.Pa. 2006) citing St. Thomas-St. John Hotel & Tourism Ass'n Inc. v. Gov't of the U.S. Virgin Islands, 357 F.3d 297, 301 (3rd Cir. 2004) ("The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held."). "Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994); Martin v. Keitel, 205 Fed. Appx. 925, 928-29 (3rd Cir. 2006) (holding that prisoner's request for injunctive relief was "legally deficient" since it was "targeted at potential conduct that bears no relation to his underlying claim"); Bartelli v. Jones, 2005 WL 1215927 at *2 (M.D.Pa. 2005) ("A court may not grant a preliminary injunction when the issues raised in the motion for a preliminary injunction are entirely different from those raised in the complaint.").

I find that the Plaintiff is not entitled to injunctive relief in this case. Plaintiff's current request for injunctive relief is not related to the claims he raised in the underlying lawsuit. His original complaint and amended complaint asserted a multitude of claims against 46 named Defendants. [ECF No. 1 and ECF No. 49]. All of the allegations concerned events that allegedly occurred at SCI Fayette, involving SCI Fayette officials. Plaintiff's current request seeks injunctive relief against officials located at SCI Rockview, who are not parties to this action, and therefore, are not subject to this Court's jurisdiction. The court in Bronson v. Minnick, 2006 WL 1670212 (W.D.Pa. 2006), concluded that injunctive relief was not appropriate under similar circumstances, stating:

> Plaintiff filed a motion for TRO, alleging that as of September

2

> 1, 2005, prison officials at SCI-Camp Hill, who were not named in
> any of the complaints filed in this action, who are not parties to this
> suit and over whom this court does not have personal jurisdiction,
> have consistently refused to allow him to have access to his property.
> Because plaintiff seeks to enjoin individuals who are not parties to
> this suit, for actions that are not sufficiently related to the operative
> complaint, his TRO request should be denied. *See, e.g., De Beers
> Consol. Mines v. United States*, 325 U.S. 212, 220, 65 S.Ct. 1130, 89
> L.Ed. 1566 (1945) ("A preliminary injunction is always appropriate
> to grant intermediate relief of the same character as that which may
> be granted finally. The injunction in question is not of this character.
> It is not an injunction in the cause, and it deals with a matter lying
> wholly outside the issues in the suit.") ... *Kaimowitz v. Orlando*, 122
> F.3d 41, 43 (3d Cir. 1997); *Devose v. Herrington*, 42 F.3d 470, 471
> (8th Cir. 1994) ("Devose's motion is based on new assertions of
> mistreatment that are entirely different from the claim raised and the
> relief requested in his inadequate medical treatment lawsuit.
> Although these new assertions might support additional claims
> against the same prison officials, they cannot provide the basis for a
> preliminary injunction in this lawsuit."). Hence, plaintiff's TRO
> motion should be denied. ...

Bronson, 2006 WL 1670212 at *6. For the same reasons, injunctive relief is improper in this case. See also Ball v. Famiglio, 396 Fed. Appx. 836, 838 (3rd Cir. 2010) (affirming denial of motion for injunctive relief where individuals whose conduct movant sought to enjoin were not named defendants to the action and the requested relief was unrelated to the allegations in the amended complaint); Martin, 205 Fed. Appx. at 928-29 (same); Emile v. SCI-Pittsburg, 2006 WL 2773261 at *6 (W.D.Pa. 2006) (holding that the plaintiff's request for injunctive relief was not sufficiently related to the operative complaint wherein it involved, *inter alia*, a totally different institution).[1]

---

[1] If the Plaintiff wishes to pursue legal action against the prison officials who are allegedly denying him access to his legal property, he must raise those claims by filing a separate action in the Middle District of Pennsylvania. The venue provisions of 28 U.S.C. § 1391 apply in cases brought pursuant to 42 U.S.C. § 1983. Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 462 (3rd Cir. 1996); Davidson v. Beard, 2010 WL 3419180 (W.D.Pa. 2010) ("Because 42 U.S.C. § 1983 contains no specific venue provision, the general venue requirements of 28 U.S.C. § 1391 are applicable to this suit."). Pursuant to § 1391(b):

> (b) A civil action wherein jurisdiction is not founded solely on diversity of
> citizenship may, except as otherwise provided by law, be brought only in (1) a
> judicial district where any defendant resides, if all defendants reside in the same
> State, (2) a judicial district in which a substantial part of the events or omissions
> giving rise to the claim occurred, or a substantial part of property that is the
> subject of the action is situated, or (3) a judicial district in which any defendant
> may be found, if there is no district in which the action may otherwise be
> brought.

28 U.S.C. § 1391(b).

Finally, by Order dated April 20, 2011, this Court granted the Plaintiff's request for an extension until May 27, 2011 in which to file a notice of appeal. [ECF No. 267]. Given the Plaintiff's *pro se* status, he may be unaware that in order to file a notice of appeal in this case, all that is required is that he file a document that comports with the requirements of Rule 3 of the Federal Rules of Appellate Procedure. This Rule states, in pertinent part:

> (c) Contents of the Notice of Appeal.
>
> > (1) The notice of appeal must:
> >
> > > (A) specify the party or parties taking the appeal by naming each one in the caption or body of the notice, but an attorney representing more than one party may describe those parties with such terms as "all plaintiffs," "the defendants," "the plaintiffs A, B, et al.," or "all defendants except X";
> > > (B) designate the judgment, order, or part thereof being appealed; and
> > > (C) name the court to which the appeal is taken.
> >
> > (2) A pro se notice of appeal is considered filed on behalf of the signer and the signer's spouse and minor children (if they are parties), unless the notice clearly indicates otherwise.

Fed.R.App.P. 3(c).

AND NOW, this 10th day of May, 2011, and for the reasons set forth above, IT IS HEREBY ORDERED that the Plaintiff's Motion for Preliminary Injunction and/or for Protective Order with Sanctions [ECF No. 264] is DENIED.

s/ Sean J. McLaughlin<br>
United States District Judge

cm: All parties of record.